NOT DESIGNATED FOR PUBLICATION

No. 117,482

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAMAR WILLIS SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed August 24, 2018. Affirmed.

*Michael J. Nichols*, of Michael J. Nichols, P.A., of Kansas City, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., MCANANY and POWELL, JJ.

PER CURIAM: Lamar Willis Sr. appeals the district court's decision denying his request for discovery of certain records following an in camera inspection of the records by the district court. Finding no abuse of discretion, we affirm the district court's ruling.

The parties are well aware of the factual and procedural history of this case. In 2011, the State charged Willis with several sex offenses based on the allegations of his stepdaughter, J.N., that Willis had repeatedly molested her. After Willis was arrested, but before his trial, J.N. ran away from home in April 2012. The State later charged three

1

men with raping J.N. after she ran away from home. Willis filed a motion for discovery of the State's case files in the rape prosecutions against the other three men. The district court denied Willis' motion without reviewing the records. In March 2013, a jury found Willis guilty of two counts of aggravated indecent liberties with a child, one count of aggravated criminal sodomy, and one count of attempted rape. On June 14, 2013, the district court imposed a hard 25 sentence for each conviction, to run concurrently.

In Willis' direct appeal, we held the district court erred in denying his discovery request without first reviewing the records in question. *State v. Willis*, 51 Kan. App. 2d 971, 987, 358 P.3d 107 (2015), *rev. denied* 304 Kan. 1022 (2016). We remanded for the district court to conduct an in camera inspection of the records to determine whether they contained information that "probably would have changed the outcome" of Willis' trial. 51 Kan. App. 2d at 987. If the records contained any such information, we directed the district court to grant Willis a new trial. If not, the district court was directed to deny the discovery request and Willis could appeal that decision. 51 Kan. App. 2d at 987-88.

On remand, the district court conducted an in camera inspection of the requested records but determined that the records contained no evidence that would have been admissible at Willis' trial. The district court indicated that even if any of the evidence would have been admissible, it would not have had any impact on the outcome of Willis' case. The judge stated that, if anything, the evidence would have "bolstered the credibility of the victim in this case as opposed to damaging it." Thus, the district court denied Willis' discovery request. Willis timely appealed from that decision.

Willis now argues that the district court erred in denying his request for discovery. With respect to the pretrial discovery and inspection of the State's evidence in a criminal prosecution, the Kansas code of criminal procedure provides:

2

"[U]pon request, the prosecuting attorney shall permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies, or portions thereof, which are or have been within the possession, custody or control of the prosecution, and which are material to the case and will not place an unreasonable burden upon the prosecution." K.S.A. 2017 Supp. 22-3212(b)(1).

When requesting disclosure, the defendant has the burden of showing the materiality and reasonableness of his or her request. *State v. Kessler*, 276 Kan. 202, 212, 73 P.3d 761 (2003). The parties agree that an appellate court generally reviews a district court's discovery order for an abuse of discretion. See *State v. Johnson*, 297 Kan. 210, 215, 301 P.3d 287 (2013). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

The records subject to the district court's in camera inspection have been sealed and are included in the record on appeal. The records are extensive and include the State's case files on the three men charged with raping J.N. in three separate criminal cases, 12CR524, 12CR582, and 12CR583. The sealed records include, but are not limited to, many recorded police interviews of J.N. and the three men charged with raping her. They also include several recorded jail phone calls of the three men in question.

After reviewing the records in question, we agree with the district court that most, if not all, of the evidence in 12CR524, 12CR582, and 12CR583 would have been inadmissible at Willis' trial under Kansas' rape shield statute. See K.S.A. 2017 Supp. 21-5502(b). We acknowledged in our original decision that the evidence about J.N.'s subsequent rapes likely would have been inadmissible at Willis' trial. *Willis*, 51 Kan. App. 2d at 987.

3

However, as Willis argued in this original appeal, he was more interested in the requested discovery documents to the extent that the records might have a bearing on J.N's motive to fabricate her allegations against Willis. He explained that J.N. previously had threated to run away from home and it was Willis who had prevented her from doing so. Willis asserted that J.N. may have fabricated her allegations against him in order to get him out of the picture so that he would not hamper her attempts to run away. He also asserted that the information in the discovery request could help place into context Willis' Facebook message to J.N. about her contacts with "older guys." 51 Kan. App. at 983.

Our comprehensive review of the State's files has found no evidence to support Willis' theory that J.N. fabricated her allegations against him. There is no evidence in the sealed records that J.N. sought to run away from home while Willis was living with her, and there is no evidence that Willis stopped her from running away. In fact, there is no evidence at all in the sealed records that J.N.'s running away from home in April 2012 had anything to do with her allegations against Willis. While some evidence shows that J.N. communicated with adult men online to help her run away from home in April 2012, the jury already had heard similar evidence about J.N.'s online communications at Willis' trial. Indeed, the State introduced evidence at Willis' trial that J.N. used a false identity to communicate with older men on Facebook. See *Willis*, 51 Kan. App. 2d at 974.

The district court's decision to deny Willis' request for discovery was not based on an error of fact or law and was not unreasonable. We agree with the district court that the requested records contain no information that probably would have changed the outcome of Willis' trial. Thus, the district court did not abuse its discretion in denying Willis' request for discovery. The sealed records will remain in the custody of the clerk of the appellate courts in the event of a petition for review.

Affirmed under Rule 7.042(b)(6) (2018 Kan. S. Ct. R. 48).